IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRANCE RAY SHUN CEPHUS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 4:21-CV-873-O |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, | § | |
| | § | |
| Respondent. | § | |

**<u>OPINION AND ORDER</u>**

Came on for consideration the petition of Terrance Ray Shun Cephus for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, finds that the petition should be denied.

**I. BACKGROUND**

Respondent has custody of petitioner pursuant to a judgment in Case No. 1627226R in the 372nd District Court of Tarrant County, Texas, for aggravated assault of a family member with a weapon. ECF No. 12-4 at 6–8. Petitioner was charged by indictment with six counts of aggravated assault of a family member and one count of interfering with his victim's ability to call for emergency assistance. *Id.* at 4–5. Petitioner pleaded guilty pursuant to a plea bargain to one count of assault of a family member with a deadly weapon. The remaining counts were waived and petitioner was sentenced to a term of imprisonment of 30 years. *Id.* at 6–8. Petitioner did not appeal. ECF No. 1 at 3.

Petitioner filed a state application for writ of habeas corpus. ECF No. 12-4 at 11–30. The application was denied without written order on the findings of the trial court and on the independent review of the record by the Court of Criminal Appeals of Texas. ECF No. 12-3.

## II.  GROUNDS OF THE PETITION

Petitioner asserts two grounds in support of his petition. First, his plea was not knowingly, intelligently, or voluntarily made. Second, he was denied effective assistance of counsel. ECF No. 1 at 6. In support, petitioner alleges that he accepted a plea offer for 20 years' imprisonment that counsel failed to communicate to the State. *Id.*

## III.  APPLICABLE LEGAL STANDARDS

### A.       Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002)(*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).  A determination of a factual issue made by a state court is presumed

to be correct.  28 U.S.C. § 2254(e)(1).  The presumption of correctness applies to both express and implied factual findings.  *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).  Absent express findings, a federal court may imply fact findings consistent with the state court's disposition.  *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983).  Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption.  *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court.  28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B.    Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686).

3

Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where, as here, the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013)(quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

The contention that petitioner's plea was not knowing, voluntary, and intelligent is belied by the record. The written plea admonishments signed by petitioner reflect that he was given notice of the charge against him, the plea recommendation of 30 years, the penalty he faced as a habitual offender of 25 to 99 years, and of all the rights he was waiving. ECF No. 12-4 at 56–61. Among other things, petitioner attested that he fully understood each of the written plea admonishments and had no questions, that he was aware of the consequences of his plea, that he was mentally competent and that his plea was knowingly, freely, and voluntarily entered, and that he was totally satisfied with the representation given him by his attorney. *Id.* at 59. Petitioner's attorney also signed the document, stating that she had completely reviewed it with him and that she was

4

satisfied that he was competent and had intelligently, knowingly, and voluntarily waived his rights and understood the consequences of his plea. *Id.* at 60. The document was signed in open court and approved by the presiding judge. *Id.* at 61. It is entitled to a presumption of regularity and given great evidentiary weight. *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). Petitioner has not shown, much less made any attempt to show, that the document should not be accorded deference.

Once a defendant has entered a guilty plea, all nonjurisdictional defects in the proceedings are waived, except claims of ineffective assistance relating to the knowing and voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claims related to the earlier plea offer have no bearing on the validity of the plea he entered. Even if it could be said that they did, the record does not support, but rather negates, petitioner's allegations. Petitioner says that his attorney failed to convey his acceptance of a 20-year plea offer to the prosecutor. The record reflects that the acknowledgement of receipt of the plea offer was filed in the state court record. Petitioner told his attorney that he did not want to accept the offer. Had he wished to accept the offer, his attorney would have conveyed that information so that a written plea agreement could be prepared. ECF No. 12-4 at 88–89. The state court necessarily found the attorney's account of what transpired to be credible in making its decision to deny his state habeas application. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). This Court may not substitute its own judgment about the credibility of petitioner and his counsel in considering his petition. *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993). Petitioner has not shown that the state court's application of *Strickland* was unreasonable. His conclusory allegations that the

state court's decision is contrary to Supreme Court holdings, ECF No. 13 at 3, is insufficient to establish a viable claim. *Miller*, 200 F.3d at 282.

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2254.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 16th day of May, 2022.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**